IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00006-GPG

RANDOLPH GRAHAM,

    Plaintiff,

v.

KIRK TAYLOR,
FRAN LePAGE,
(FNU) LIGHTCAP,
(FNU) BINFORD,
(FNU) ZIOLKOWSKI,
(FNU) KIESTER,
(FNU) SOSA,
(FNU) GONZALEZ,
(FNU) GALLARDO, and
ANNA CIODORIA,

    Defendants.

---

## ORDER OF DISMISSAL

---

Plaintiff, Randolph Graham, is a prisoner in the custody of the Colorado Department of Corrections at the Buena Vista Correctional Complex in Buena Vista, Colorado. Mr. Graham initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 claiming his rights under the United States Constitution were violated in 2011 while he was detained at the Pueblo County Detention Facility in Pueblo, Colorado. On January 8, 2015, Magistrate Judge Gordon P. Gallagher ordered Mr. Graham to show cause why this action should not be dismissed as barred by the statute of limitations. Magistrate Judge Gallagher also noted in the show cause order that Mr. Graham failed to provide a clear and concise

statement of the specific factual allegations that support each claim.  On June 24, 2015, after being granted multiple extensions of time, Mr. Graham filed an amended Prisoner Complaint (ECF No. 18), a Motion for Appointment of Counsel (ECF No. 19), and a response (ECF No. 20) to the show cause order.

Mr. Graham has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Therefore, the Court must dismiss the action if Mr. Graham's claims are frivolous.  *See* 28 U.S.C. § 1915(e)(2)(B)(i).  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).  For the reasons stated below, the Court will dismiss the action as legally frivolous.

The Court must construe the amended complaint and other papers filed by Mr. Graham liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110.  However, the Court should not be an advocate for a *pro se* litigant.  *See id.*

Mr. Graham asserts three claims for relief in the amended Prisoner Complaint. He specifically contends that his constitutional right of access to the courts was violated when he was denied access to the jail law library (claim one); that jail officials retaliated against him, apparently by denying him access to the law library and by denying him a

grievance form (claim two); and that he was a victim of racial discrimination, apparently in connection with the denial of a grievance form (claim three). Mr. Graham's claims primarily are based on events that occurred between August and October 2011, although he also asserts that he wrote a letter to Pueblo County Sheriff Kirk Taylor regarding these incidents and requesting a grievance form in January 2012. Mr. Graham wrote the January 2012 letter to Sheriff Taylor after he had been transferred out of the Pueblo County Detention Center on December 29, 2011.

The statute of limitations is an affirmative defense. *See* Fed. R. Civ. P. 8(c)(1). However, dismissal under § 1915 on the basis of an affirmative defense is permitted "when the claim's factual backdrop clearly beckons the defense." *Fratus v. DeLand*, 49 F.3d 673, 676 (10th Cir. 1995). Thus, the Court may dismiss a claim *sua sponte* on the basis of an affirmative defense if the defense is "obvious from the face of the complaint" and "[n]o further factual record [is] required to be developed in order for the court to assess the [plaintiff's] chances of success." *Yellen v. Cooper*, 828 F.2d 1471, 1476 (10th Cir. 1987).

"Congress did not establish a statute of limitations or a body of tolling rules applicable to actions brought in federal court under § 1983." *Board of Regents v. Tomanio*, 446 U.S. 478, 483 (1980). Therefore, the Court must borrow "the state law of limitations governing an analogous cause of action." *Id.* at 483-84. In most § 1983 actions, "a state statute of limitations and the coordinate tolling rules" are "binding rules of law." *Id.* at 484.

The applicable statute of limitations for a § 1983 claim in Colorado is two years. *See Blake v. Dickason*, 997 F.2d 749, 750-51 (10th Cir. 1993). "Although state law

determines the applicable statute of limitations period, federal law governs the particular point in time at which a claim accrues." *Kripp v. Luton*, 466 F.3d 1171, 1175 (10th Cir. 2006). Under federal law, a § 1983 claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Id.* (internal quotation marks omitted).

Mr. Graham's claims are premised on events that occurred no later than January 2012 and he alleges facts that demonstrate he was aware of his injuries when they occurred. Because Mr. Graham waited three years before initiating this action on January 2, 2015, the affirmative defense of the statute of limitations is obvious on the face of the complaint.

Mr. Graham presents several arguments in his response to Magistrate Judge Gallagher's show cause order seeking to demonstrate this action is timely. However, all of his arguments are premised on his mistaken belief that the applicable statute of limitations for his claims was three years instead of two. According to Mr. Graham, a three-year statute of limitations applies to claims for fraud and concealment under Colorado law, *see* Colo. Rev. Stat. § 13-80-101(1)(c); he initiated this action within three years after he mailed his last letter to Sheriff Taylor in January 2012; and the continuing violation doctrine operates to save his claims against all other Defendants. The Court is not persuaded because Mr. Graham is asserting constitutional claims under § 1983 that, as noted above, are subject to a two-year statute of limitations. *See Blake*, 997 F.2d at 750-51. To the extent Mr. Graham contends he is asserting a conspiracy claim under 42 U.S.C. § 1985(3), the Court notes that § 1985(3) claims are subject to same statute of limitations as § 1983 claims. See *Lyons v. Kyner*, 367 F. App'x 878, 881-82

(10th Cir. 2010).

Mr. Graham also makes a vague reference to equitable tolling in his response to Magistrate Judge Gallagher's show cause order. The State of Colorado recognizes the doctrine of equitable tolling to suspend a statute of limitations period "when flexibility is required to accomplish the goals of justice." *Morrison v. Goff,* 91 P.3d 1050, 1053 (Colo. 2004) (internal quotation marks omitted). For example, equitable tolling of a statute of limitations is appropriate "when plaintiffs did not timely file their claims because of 'extraordinary circumstances' or because defendants' wrongful conduct prevented them from doing so." *Id.*

"[W]hen the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute." *Aldrich v. McCulloch Properties, Inc.,* 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980). Mr. Graham fails to satisfy this burden because he fails to allege any facts that suggest the applicable statute of limitations should be tolled as a matter of equity or for any other reason. Therefore, the action is barred by the statute of limitations and will be dismissed as legally frivolous.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the complaint, the amended complaint, and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  7th  day of     July    , 2015.

BY THE COURT:


   s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge  
United States District Court